Keith D. Hoffman Dickinson County Counselor 325 North Broadway Abilene, Kansas 67410
Dear Mr. Hoffman:
You have asked our opinion regarding whether vehicles owned and operated by Dickinson County for maintenance of county roads are exempt from weight limits established by article 19 of chapter 8 of the Kansas Statutes Annotated. You indicate that it is your opinion that K.S.A. 8-1911
exempts vehicles owned by the County; however, the Kansas Highway Patrol has expressed a different understanding.
K.S.A. 2000 Supp. 8-1901 provides criminal penalties for vehicles that exceed size or weight limitations stated in article 19 of chapter 8 of the Kansas Statutes Annotated. Section (d) of that statute provides in part as follows:
 "Except as otherwise specifically provided in this act, the provisions of article 19 of chapter 8 of Kansas Statutes Annotated governing size, weight and load shall not apply to . . . road machinery . . . temporarily moved upon a highway, or to a vehicle operated under the terms of a currently valid special permit issued in accordance with K.S.A. 8-1911, and amendments thereto."
K.S.A. 2000 Supp. 8-1911, as amended by L. 2001, Ch. 5, § 37, authorizes the Secretary of Transportation to issue special permits for the operation of vehicles that exceed weight limitations. The statute creates an exception from the requirement of obtaining a special permit for "vehicles owned by counties, cities and other political subdivisions of the state," except for trucks used exclusively for garbage, refuse or solid waste disposal operations.
In State v. Moore,[1] two private trash haulers challenged the constitutionality of exempting county-owned trash trucks from the weight limits of K.S.A. 8-1901 et seq. The private haulers were convicted of operating overweight vehicles while overweight trucks belonging to the Shawnee County Refuse Department were allowed to proceed. The Kansas Supreme Court noted that K.S.A. 8-1911 grants certain exemptions to the size and weight requirements.
 "It should be noted that the statute quoted above [K.S.A. 8-1911] as it existed in October of 1983 . . . provided that vehicles owned by counties, cities, and other political subdivisions of the state were not required to obtain a special permit or comply with the gross weight requirements except after hours of darkness, with a further limitation that such vehicles were not permitted to travel on interstate highways. . . . The obvious effect of K.S.A. 8-1911 is to exempt vehicles owned by political subdivisions from the size and weight requirements of K.S.A. 1984 Supp. 8-1908."[2]
The Court affirmed the trial court's finding that the exemption of government-owned vehicles from the weight limitations of K.S.A. 8-1901 etseq. did not violate equal protection of the laws.
During the legislative session following the Moore decision, the Legislature amended the provisions of K.S.A. 8-1911 by adding that the general exemption from the maximum gross weight limitations "shall not exempt trucks owned by counties, cities and other political subdivisions specifically designed and equipped and used exclusively for garbage, refuse or solid waste disposal operations . . . . "[3] However, the general exemption for "vehicles owned by counties, cities and other political subdivisions of the state" has not been amended.[4]
The exemption for county-owned vehicles (except garbage trucks) from the requirements of obtaining a special permit in K.S.A. 2000 Supp. 8-1911, as amended by L. 2001, Ch. 5, § 37, clearly includes county vehicles used for maintenance of county roads. Additionally, although "road machinery" is not defined, certain county vehicles used for maintenance of county roadways may be included in the exemption for "road machinery" in K.S.A. 2000 Supp. 8-1901. Therefore, it is our opinion that vehicles owned and operated by Dickinson County for the maintenance of county roads are exempt from weight limits established by article 19 of chapter 8 of the Kansas States Annotated.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Donna M. Voth Assistant Attorney General
CJS:JLM:DMV:jm
[1] 237 Kan. 523 (1985).
[2] Id. at 526 (emphasis added).
[3] L. 1986, Ch. 43, § 2.
[4] K.S.A. 2000 Supp. 8-1911, as amended by L. 2001, Ch. 5, § 37.